### TRAPNALL & TRAPNALL v. TERRY & STEELE.

SCIRE FACIAS—*Nature of, when demurrable.*—The writ of scire facias occupies the place of both declaration and writ of summons, and when the facts, set up in the writ, are not sufficient to show a cause of action, a demurrer would be a proper response.

*When motion to quash.*—Where there is no record in the court, as a foundation upon which the writ could properly issue, it is such a matter in abatement as might be reached by motion, and a party is not necessarily compelled to resort to a plea of *nul tiel record.*

APPEAL FROM PULASKI CIRCUIT COURT.

Hon. JOHN WHYTOCK, *Circuit Judge.*

*Ringo* and *Clark & Williams,* for Appellants.

Under our statute, the death of a sole plaintiff or defendant does not abate the suit, but the party, in whom the action survives, may continue the cause, by an order of court, substituting himself. *Digest, Chap* 1, *Sec.* 7; after quashal of the *scire facias* (which we submit was erroneous), the court, under the subsequent motion made for that purpose, should have required the defendants to show cause why the appellants should not be made parties. *Noland vs. Leech, exr's.,* 10 *Ark.,* 504.

The order, of 25th April, 1866, was not such a final judgment of dismissal, as could not be revoked or set aside at a subsequent term. It was a nullity; both the plaintiffs were dead—it was not a judgment on the *merits* dismissing the case. The case of *Harrell et al. vs. Mason,* 9 *Ark.,* 406, relied on by the appellees, is not applicable—is not law. *Gleason vs. Carter,* 28 *Geo.,* 516; *Gowenys vs. Loyd,* 4 *Texas,* 483; *Rumbels vs. Jones,* 3 *Ind.,* 35; *Parker vs. Badger,* 6 *Foster* (*N.* 71), 466. *Meade vs. Rutledge,* 11 *Texas,* 44; *Dennison vs. Holliday,* 38 *Eng. Law. and Eq.* 496; *Venable vs. Smith's Ex'r.,* 1 *Duval* (*Ky*), 195.

The case of *Hubbard vs. Welch,* 11 *Ark.,* 151, cited by appellees, is not in point—it was a judgment upon the merits—and

so with all the cases. They are all judgments upon the merits—none other have ever been held conclusive. See *Brooks vs. Hananer*, 22 *Ark.*, 174 ; *Rector vs. Danley*, 14 *Ark.*, 304; *Pulaski County vs. Lincoln*, 13 *Ark.*, 103 ; *Smith vs. Danley*, 2 *Ark.*, 66 ; *Walker et al. vs. Jefferson*, 5 *Ark.*, 25 ; *Ashley vs. Hyde & Goodrich*, 6 *Ark.*, 101 ; *Rawdon, Wright & Hatch vs. Rapley*, 14 *Ark.*, 203 ; *Cossitt vs. Biscoe*, 12 *Ark.*, 95 ; *Yell vs. Outlaw*, 14 *Ark.*, 621 ; *Cunningham vs. Ashley*, 16 *Ark*, 181.

*Gallagher, Newton & Hempstead*, for Appellees.

The order and judgment of the court, dismissing the cause, could only be reached by appeal or on error. 6 *Eng.*, 519 ; 7 *Eng.*, 218 ; 18 *Ark.*, 53 ; 21 *Ark.*, 117.

*Second*, The term having passed, the court no longer had control of the matter. 1 *Eng.*, 282 ; 5 *Ark.*, 709 ; 14 *Ark.*, 203 ; *Ib.* 568 ; 1 *Eng.*, 100 ; 7 *Eng.*, 95; 22 *Ark.*, 176.

*Third*, If the judgment was void, it should have been reached by writ of error *coram nobis*. *Hempstead U. S. Ct. Ct. Rep. Dist. Ark.*, p. 699.

*Fourth*, By analogy of Statutes of Limitations, as to writ of error, three years, or proper construction of *section* 94, *Gould's Digest*, parties were barred.

Gregg, J.—On the 31st day of May, 1869, the appellants, by attorney, appeared in the Circuit Court and represented that after the institution of a suit in ejectment, in that court, against said defendants, by Martha F. Trapnall and Mary R. Trapnall, they had departed this life ; that the suit had thereupon abated and the property descended to these appellants by inheritance ; and they moved the court for orders and process proper to revive the action in their names, and that a writ of *scire facias* issue, which was ordered returnable to the next term of the court.

On the 14th of December, 1869, the defendants appeared and filed their motion to quash the *scire facias*, alleging :

*First*, That the writ was not moved for in time.

*Secondly,* That the writ shows, on its face, that the plaintiffs are not entitled to have the action revived.

*Thirdly,* That there is no such suit pending in court, as the one described in said writ.

*Fourthly,* The writ is otherwise bad, etc.

On the 2d of February, 1870, the court sustained the motion and ordered that the case be stricken from the docket.

On the 8th, of the same month, the plaintiffs filed a motion to set aside the order last referred to and to revive the suit, which motion was taken under advisement until the next term of the court.

On the 29th of June, 1870, the parties appeared and the court overruled the motion, and adjudged that the defendants go hence and recover their costs; from which judgment the plaintiffs appealed to this court.

As a basis, for the proceedings on the *scire facias,* it is shown, upon the record, that on the 6th day of August, 1861, the parties, alleged to have died, filed their declaration in eject-ment against the defendants, in the Pulaski Circuit Clerk's office, and, on the 28th of September of that year, the parties appeared in the then Circuit Court of that county, and, by consent, the case was continued.

The next that appears is an order of the Circuit Court, of said county, made on the 25th of April, 1866, striking the case from the docket for the want of jurisdiction, the pro-ceedings having been instituted after the ordinance of seces-sion and before the reorganization of the State government; then follows the proceedings as above indicated.

The counsel, for the appellants, insist that upon the motion to quash the writ of *scire facias,* nothing can be looked to but the face of the writ. They assume that the motion, like a de-murrer, goes alone to the sufficiency of the writ upon its face.

We are not prepared to concede this to its fullest extent; the motion is more nearly allied to a plea in abatement than a demurrer. The writ of *scire facias* occupies the place of both declaration and writ of summons.

If the facts, set up in the writ, are not sufficient to show a cause of action, a demurrer would be a proper response. But if the *scire facias* should require a defendant to answer in a suit, entirely and radically different from the one that had been in prosecution before the court, or require him to show cause why an action should not be revived, when in fact no action had ever been brought against such defendant, we see no reason why a motion, in the nature of a plea in abatement, might not be sustained. The court judicially knows its own records, and it appears to us, if there is no record in the court, as a foundation upon which a writ could properly issue, it is such matter in abatement as might be reached by motion, and that the party is not necessarily compelled to resort to a plea of *nul tiel record;* such would be an improvident issue of a writ and the court might even, on its own motion, quash such writ.

The third ground set up in the motion to quash was, that "There is no such suit pending in court, as the one described in the writ." We are of opinion that the records, before the court, justified the finding, and that there was no error in quashing the writ. The judgment of the Circuit Court is affirmed.